**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| L.S., a minor, by and through his parents, James and Sarah Sommer, husband and wife, his natural parents and guardian,<br><br>Plaintiff,<br><br>-vs-<br><br>Lewiston-Altura Public Schools, Independent School District #857,<br><br>Defendant. | Civil File No. 09-2457<br>(RHK/SRN)<br><br><br><br><br><br><br>**ANSWER** |

As an Answer to the Complaint in this matter, Defendant Lewiston-Altura Public Schools, Independent School District #857 ("Defendant"), admits, denies and alleges as follows:

1. Except as hereinafter admitted, qualified or otherwise answered, Defendant denies each and every allegation in Plaintiff's Complaint.

2. To Paragraph I of the Complaint, the Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's residence.

3. To Paragraph II of the Complaint, the Defendant admits the allegations contained therein.

4. To Paragraph III of the Complaint, the Defendant denies the allegations contained therein.

5.      To Paragraph IV of the Complaint, the Defendant admits that the Plaintiff attended its schools up to 10th grade. Defendant is without sufficient information to admit or deny the allegation that the Plaintiff had no history of substance abuse. The Defendant denies that its records do not show the Plaintiff to have a history of serious misconduct. The Defendant specifically avers that the Plaintiff's records show that he was suspended on September 30, 2008 for making terroristic threats against students and staff. The Plaintiff admitted to school administrators that he told other students that he might "walk into school and start shooting people" and that he had "a plan to blow up the school." The Plaintiff's records further show that during the 2007-2008 school year he was referred to the school office for making lewd comments to and about a female student.

The Defendant denies the allegation that the Plaintiff was "maintaining A-B grades." The Defendant specifically avers that its records show the Plaintiff's cumulative grade point average at the time he withdrew from its schools was 2.667 (a C average).

6.      To Paragraph V of the Complaint, the Defendant admits the allegations therein.

7.      To Paragraph VI of the Complaint, the Defendant denies the allegation. Prior to September 30, 2008 (when it began investigating the Plaintiff's threats to "blow up the school"), the Defendant had no knowledge that Plaintiff was being "harassed and intimidated by another student at the high school." The Defendant specifically avers that the Plaintiff admitted in court that he had never reported any alleged harassment or intimidation by another student to any School District personnel.

8. To Paragraph VII of the Complaint, the Defendant denies the allegation.

9. To Paragraph VIII of the Complaint, the Defendant admits that it has policies and rules in place against harassment and violence and has designated personnel responsible for implementing its policies and rules. The Defendant denies the remainder of the allegations contained in Paragraph VIII. It specifically avers that it has no knowledge or record of any complaints about any student "perpetrators of harassment and violence" between September 2, 2008 and September 30, 2008 (the date on which the Defendant first learned of the Plaintiff's allegations).

10. To Paragraph IX of the Complaint, the Defendant denies the allegations. The Defendant specifically avers that it encourages students to report issues of bullying and harassment, communicates with students and staff about best practices for addressing issues of bullying and harassment, and teaches students skills for resolving issues, conflicts, and for stopping bullying and harassment.

11. To Paragraph X of the Compliant, the Defendant is without sufficient knowledge to admit or deny the allegation. The Defendant specifically avers that during the 2007-2008 school year it held four school-wide assemblies addressing issues regarding respect and reviewing peaceful methods that students could use to resolve conflict, harassment, and bullying. The Defendant also avers that between September 2, 2008 and September 29, 2008 it held two school-wide assemblies addressing issues regarding respect and reviewing peaceful methods that students can use to resolve conflict, harassment, and bullying. The Defendant's records show that the Plaintiff was in attendance on all days that these assemblies were held.

12. To Paragraph XI of the Complaint, the Defendant denies the allegations. The Defendant specifically avers that it has no knowledge of or records of the Plaintiff quitting the football program during the 2006-2007 school year because of harassment from anyone.

13. To Paragraph XII of the Complaint, the Defendant denies the allegations. Prior to September 30, 2008 (when it was investigating the Plaintiff's threats to "blow up the school"), the Defendant had no knowledge of or record of any report made to any school personnel that Plaintiff was being "harassed and intimidated by another student at the high school." The Defendant specifically avers that the Plaintiff testified in court that he never reported any alleged harassment or intimidation by another student to any School District personnel.

14. To Paragraph XIII of the Complaint, the Defendant admits that it monitors the hallways and classrooms. The Defendant denies the remainder of the Paragraph. It specifically avers that prior to September 30, 2008 (when it was investigating the Plaintiff's threats to "blow up the school"), the Defendant had no knowledge or record of any report that Plaintiff was being "harassed and intimidated by another student at the high school." The Plaintiff admitted in court that he had never reported any alleged harassment or intimidation by another student to any School District personnel.

15. To Paragraph XIV of the Complaint, the Defendant is without sufficient information to admit or deny the allegations. The Defendant specifically avers that prior to September 30, 2008 (when it was investigating the Plaintiff's threats to "blow up the school"), the Defendant had no knowledge or record of any report made to any school

personnel that Plaintiff was being "harassed and intimidated by another student at the high school." The Plaintiff admitted in court that he had never reported any alleged harassment or intimidation by another student to any School District personnel. Furthermore, the Plaintiff received specific information, as do all School District students, about how to report mistreatment.

16.    To Paragraph XV of the Complaint, the Defendant admits that the Plaintiff "threatened to bring a handgun to school and start shooting." The Defendant specifically avers that the Plaintiff admitted to the building principal that: he "told a bunch of people that [he] might decide to walk into school and start shooting people"; he "previously said that [he had] a plan to blow up the school"; his plan was to "walk in during a big assembly or something when everyone was in the gym and start killing everyone that had pissed [him] off"; he would "use handguns, because shotguns are not fast enough, and he would not be able to use two shotguns"; he would probably carry out his plan "during a homecoming because most people would be in the gym"; he "could probably get the explosives from the Internet"; and "Columbine was only 29 [victims]; and it wouldn't be hard to get more than that."

The Defendant admits that its investigation into the complaint the Plaintiff made on September 30, 2008 concluded that another student had hit the Plaintiff on the arm on or about September 28, 2008. The Defendant specifically avers that appropriate corrective action was taken. The Defendant further avers that the Plaintiff never reported any pain in his arm and never indicated that his arm was injured or bruised to any School District personnel. The remaining allegations of the Paragraph are denied.

17.   To Paragraph XVI of the Complaint, the Defendant denies the allegations. The Defendant specifically avers that upon receiving the Plaintiff's report, it conducted a proper investigation and took appropriate corrective action.

18.   To Paragraph XVII of the Complaint, the Defendant admits that upon Plaintiff's admission that he had told others that he might "walk into school and start shooting" and that he had "a plan to blow up the school" it contacted the Lewiston Police Department. The Defendant admits, upon information and belief, that the Plaintiff was arrested for making terroristic threats and taken into custody, was subsequently transported to Red Wing Correctional Facility for psychological evaluation, and held in detention. The Defendant is without sufficient information to admit or deny the remainder of the Paragraph.

19.   To Paragraph XVIII of the Complaint, the Defendant admits that the Plaintiff was suspended for five days for making terroristic threats. The Defendant admits that the suspension commenced on October 1, 2008. The Defendant specifically avers that the parents were telephoned on September 30, 2008 and told that the Plaintiff was being suspended from school for making terroristic threats and that law enforcement had been called. The Plaintiff's parent came to the school and received a copy of the Minnesota Pupil Fair Dismissal Act. Notification of the suspension and a copy of the Act were also mailed to the home. The Defendant also avers that the Plaintiff's father asked to meet with the building principal after school on September 30, 2008. The principal agreed to meet with the father and reviewed with him the grounds for the Plaintiff's suspension and the statements the Plaintiff had provided. The Defendant admits that the

6

Notice of Suspension gave notice of a meeting on October 8, 2008 to discuss the Plaintiff's readmission to school. The Defendant's actions complied with the Minnesota Pupil Fair Dismissal Act procedures for suspension.

20. To Paragraph XIX of the Complaint, the Defendant admits that the Plaintiff's parents attended the meeting on October 8, 2008. The Defendant avers that the Plaintiff was granted a furlough from his incarceration in order to attend the meeting as well but he chose not to attend. The Defendant denies the remaining allegations.

21. To Paragraph XX of the Complaint, the Defendant denies the allegations. The Defendant specifically avers that it never excluded Plaintiff from attending school after his suspension from school. The Defendant further avers that it provided the parents with copies of the Minnesota Pupil Fair Dismissal Act at the time of the Plaintiff's suspension and also in the mail. The Defendant also avers that there is no right to a hearing or appeal regarding a school district's decision to suspend a student. The Plaintiff subsequently withdrew from the School District.

22. To Paragraph XXI of the Complaint, the Defendant denies that it expelled the Plaintiff from school and denies that it did not offer further educational services to him. The Defendant specifically avers that it made homework packets available to the Student beginning October 3. The Defendant admits that the Plaintiff was enrolled in private school. The Defendant specifically avers that the Student withdrew from its schools on or about October 10, 2008 thereby ending the School District's obligation to provide the Plaintiff with educational services. The Defendant is without sufficient information to admit or deny the remaining allegations in the Paragraph.

23. To Paragraph XXII of the Complaint, the Defendant denies the allegations.

24. To Paragraph XXIII of the Complaint, the Defendant denies the allegations. The Defendant specifically avers that it never expelled or excluded the Plaintiff. Rather, the Plaintiff voluntarily withdrew from the District's schools after a short term of suspension.

25. To Paragraph XXIV of the Complaint, the Defendant denies the allegations. The Defendant specifically avers that it convened a meeting to plan the Plaintiff's readmission, made alternative educational services available to him during the period of suspension and never expelled or excluded the Plaintiff. The Plaintiff voluntarily withdrew from the Defendant's schools approximately ten days after threatening to "blow up" the school. The Defendant provided the Plaintiff with a copy of the Minnesota Pupil Fair Dismissal Act. The Plaintiff had no appeal rights under the Minnesota Pupil Fair Dismissal Act regarding a short term suspension.

26. To Paragraph XXV of the Complaint, the Defendant denies the allegations.

27. To Paragraph XXVI of the Complaint, the Defendant denies the allegations.

28. To Paragraph XXVII of the Complaint, the Defendant denies the allegations. The Defendant specifically avers that it met with the Plaintiff prior to suspending him, met with each parent on the day it suspended the Plaintiff, made alternative educational services available to the Plaintiff, and never excluded or expelled the Plaintiff. The Plaintiff voluntarily withdrew from the Defendant's schools approximately ten days after threatening to "blow up" the school.

29. To Paragraph XXVIII of the Complaint, the Defendant denies the allegations. The Defendant specifically avers that it met with the Plaintiff prior to suspending him, met with each parent on the day it suspended the Plaintiff, provided the Plaintiff and the parents with copies of the Minnesota Pupil Fair Dismissal Act, provided the Plaintiff and the parents with a written Notice of Suspension, and made alternative educational services available to the Plaintiff. The Plaintiff withdrew from school at the end of the suspension.

30. To Paragraph XXIX of the Complaint, the Defendant denies the allegations. The Defendant specifically avers that it never excluded or expelled the Plaintiff. The Plaintiff voluntarily withdrew from the Defendant's schools approximately ten days after threatening to "blow up" the school.

31. To Paragraph XXX of the Complaint, the Defendant denies the allegations.

32. To Paragraph XXXI of the Complaint, the Defendant denies the allegations.

33. To Paragraph XXXII of the Complaint, the Defendant denies the allegations.

34. To Paragraph XXXIII of the Complaint, the Defendant denies the allegations.

35. To Paragraph XXXIV of the Complaint, the Defendant denies the allegations.

36. To Paragraph XXXV of the Complaint, the Defendant denies the allegations.

**DEFENSES AND AFFIRMATIVE DEFENSES**

For its affirmative defenses to Plaintiff's Complaint, Defendant states and alleges as follows:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails for insufficiency of service of process.

SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant.

THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

FOURTH AFFIRMATIVE DEFENSE

Any and all conduct of which Plaintiff complains and of which is attributed to Defendant was a just and proper exercise of discretion on the part of Defendant and its agents and employees, undertaken for fair and justifiable reasons and in good faith and that no act constituted a willful or malicious wrong.

FIFTH AFFIRMATIVE DEFENSE

The conduct of Defendant in connection with the matters alleged in the Complaint is protected, in whole or in part, by the doctrines of statutory immunity, discretionary function immunity, official immunity, qualified immunity and/or vicarious official immunity and any other immunity protections provided by common law, statute, and/or the provisions of Minnesota Statutes Chapter 466.

SIXTH AFFIRMATIVE DEFENSE

The Defendant asserts that it exercised reasonable care to protect Plaintiff from harm from other students.

SEVENTH AFFIRMATIVE DEFENSE

The Defendant asserts that it was not reasonably foreseeable that any other students would cause harm to Plaintiff.

EIGHTH AFFIRMATIVE DEFENSE

The Defendant asserts that the use of ordinary care could not have prevented any harm caused to Plaintiff by other students.

NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred to the extent he has failed to mitigate his damages.

TENTH AFFIRMATIVE DEFENSE

The Defendant denies that it directly or indirectly caused the Plaintiff any damages, and alleges that if Plaintiff suffered damages as alleged in the Complaint or otherwise, said damages were caused or contributed by the negligence or fault of the Plaintiff and/or the negligence/fault of others over whom the Defendant had no control for such acts and/or for which it is not responsible.

ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by nonjoinder of an indispensable party.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant affirmatively alleges that it is immune from liability under 42 U.S.C. § 1983 because, if Plaintiff's rights were violated (Defendant asserts they were not), then the contours of the Plaintiff's claimed federal right were not so clear that a reasonable official would understand that the Defendant's conduct violated Plaintiff's rights and that no official policy, custom, practice, usage or pattern existed supporting such alleged violation.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, unclean hands and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by waiver.

The Defendant specifically reserves any other affirmative defenses or objections available to it under the applicable laws or Rules of Civil Procedure.

WHEREFORE, the Defendant requests that this Court enter an Order:

1. Dismissing all claims as a matter of law;

2. Dismissing any remaining claims through summary judgment;

3. Granting the costs and fees of the Defendant herein;

4. Granting such just and equitable relief as the Court may see fit; and

5. Disallowing the costs and fees of the Plaintiff.

Dated: October 2, 2009

                                            Respectfully submitted,

                                            KENNEDY& GRAVEN, CHARTERED

                                            By:    /s/ Susan E. Torgerson
                                                    Susan E. Torgerson (Atty. No. 19976X)
                                                    Charles E. Long (Atty. Reg. No. 239604)
                                                    200 South Sixth Street, Suite 470
                                                    Minneapolis, MN 55402
                                                    Telephone: (612) 337-9300
                                                    Attorneys for Defendant